750

Efren CRUZ, Plaintiff–Appellant,

v.

COUNTY OF SANTA BARBARA, a political entity; Thomas W. Sneddon, Junior, as an individual and as a District Attorney of the County of Santa Barbara; Hillary Dozer, as an individual as a Deputy District Attorney of the County of Santa Barbara; Gerald Franklin, as an individual and as a Deputy District Attorney of the County of Santa Barbara; Patrick McKinley, as an individual and as a Deputy District Attorney of the County of Santa Barbara; James Nall, as an individual and as an employee of the District Attorney of the County of Santa Barbara, City of Santa Barbara, a political entity; Donald Knapp, as an individual and as an employee of the City of Santa Barbara Police Department; Jesse Rose, as an individual and as an employee of the City of Santa Barbara Police Department; Roger Aceves, as an individual and as an employee of the City of Santa Barbara Police Department; Greg Wilkens, as an individual and as an employee of the City of Santa Barbara Police Department; Patrick Clouse, as an individual and as an employee of the City of Santa Barbara Police Department, Defendants–Appellees.

No. 05–55626.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2007.

Filed April 19, 2007.

Richard Hamlish, Esq., Philip R. Dunn, Esq., Dunn & Sanderson, Westlake Village, CA, for Plaintiff–Appellant.

Jake Stoddard, Stephen P. Wiley, Esq., Santa Barbara County Counsel's Office, Janet K. McGinnis, Esq., Santa Barbara City Attorney's Office, Santa Barbara, CA, for Defendants–Appellees.

Before: CANBY, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Appellant, Efren Cruz, appeals from the district court's summary judgment dismissing his 42 U.S.C. § 1983 claims against the County of Santa Barbara and the City of Santa Barbara. Cruz alleges various constitutional violations arising from his 1997 convictions for second degree murder and attempted murder, which were later vacated. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir.2006), and we affirm.

We reject Cruz's contention that the district court erred when it granted summary judgment on the alleged violations of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Concerning the alleged pre-trial *Brady* violations, the district court properly determined that five of the six documents at issue were disclosed to Cruz's first attorney (Duval). Because the prosecution's disclosure to Duval fully discharged its *Brady* obligations with respect to these five documents, Cruz did not raise a triable issue of fact when, in opposition to summary judgment, he presented a declaration by his second attorney (Lax) that Lax did not receive some of the material in Duval's defense file.

Although a factual dispute exists concerning whether the prosecution disclosed before trial the handwritten notes by Detective Martel, the district court did not err in granting summary judgment because Cruz was not prejudiced by the alleged non-disclosure. Cruz cannot establish "a reasonable probability that the suppressed evidence would have produced a different verdict" because Cruz possessed equivalent exculpatory evidence that he deliberately chose not to present at trial, apparently to avoid implicating Gerardo Reyes as the shooter. *See Strickler v. Greene*, 527 U.S. 263, 281, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

Cruz's post-trial *Brady* claims, and his claims of improper post-conviction investigative techniques, also fail for lack of prejudice.[1] Cruz ultimately prevailed in his petition for habeas relief, and he has produced no evidence that the writ would have been granted earlier if not for the alleged constitutional violations.

The district court properly found no triable issue of fact concerning whether Cruz's due process rights were violated by an overly suggestive pre-trial identification procedure. There is no evidence in the record that the video identification procedure was so "impermissibly suggestive" that it resulted in a "very substantial likelihood" of misidentification. *See Neil v. Biggers*, 409 U.S. 188, 197, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). As the district court noted, "Freese was shown a videotape that depicted numerous individuals, and he was admonished (prior to viewing the videotape) that the shooter may, or may not, appear on the videotape and that he was under no obligation to identify anyone."

We have reviewed Cruz's other arguments and find them to be without merit. Accordingly, the district court's grant of summary judgment is AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because Cruz has not established prejudice, we need not determine whether the prosecution has a continuing duty to disclose exculpatory evidence after criminal proceedings have concluded.